UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Case No. H-24-558-01 |
| § | |
| LEONARDO ROBLES-ALEMAN § | |

**GOVERNMENT'S MOTION TO STAY AND REVOKE THE MAGISTRATE'S JUDGE'S ORDER SETTING CONDITIONS OF RELEASE**

The United States of America ("Government") submits this motion, pursuant to 18 U.S.C. § 3145(a), to stay and revoke the Magistrate Judge's order setting conditions of release. Because the Government has shown (1) by a preponderance of the evidence that no condition exists that will reasonably assure the appearance of the defendant at future court proceedings, and (2) by clear and convincing evidence that the defendant poses a danger to the community, the Government respectfully requests that this Court stay and then revoke the Magistrate Judge's order setting conditions of release. *See United States v. Jackson*, 845 F.2d 1262, 1263 (5th Cir. 1988).

**I.      Background.**

On October 30, 2024, the Defendant was charged by indictment with **(1)** conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) and **(2)** possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(A). (DE[1] 1). On January 23, 2025, the Defendant was arrested in the Southern District of Texas.

On January 28, 2025, the Defendant appeared before the Honorable Magistrate Judge Peter

---

[1] "DE" refers to the docket entry in Criminal Case No. H-24-558 in the United States District Court for the Southern District of Texas. Page references are to the page number provided in the ecf-filing header.

Bray for a hearing to determine whether conditions could be set to reasonably assure the appearance of the Defendant and safety of any other person in the community pursuant to Title 18, United States Code, Section 3142(f). The Government presented evidence of the Defendant's criminal conduct through the testimony of Drug Enforcement Administration Task Force Officer James Emmerson. The Government also noted that the Defendant did not have legal status to be in the United States and the Defendant's parents and several siblings currently reside in Mexico. The Defendant did not present any evidence. The Court continued the hearing to January 30, 2025, so that the Defendant could corroborate the information the Defendant provided to Pretrial Services relating to his employment and personal history. At this time, Pretrial Services was recommending that the Defendant be detained.

On January 30, 2025, the Court resumed the hearing after an addendum to the pretrial services report was issued. Pretrial services contacted the Defendant's mother who corroborated the Defendant's personal and family information as well as the Defendant's employment and health history. The Defendant's wife, who does not have legal status to be in the United States, admitted to previously having a firearm at the residence, but the firearm has since been removed. Pretrial services was also able to verify that the Defendant has been employed with Telecom Service Divine, LLC, since 2022. However, there was no information presented as to the Defendant's employment prior to 2022. Pretrial Services maintained their recommendation that the Defendant be detained as they did not believe there were any conditions or combination of conditions that would reasonably assure the defendant's appearance before the Court and/or the safety of the community. Aside from the information that was provided to Pretrial Services, the Defendant did not present any evidence by way of testimony or proffer.

The Magistrate Judge found that the Defendant had rebutted the presumption of detention,

and found that there were conditions to be set that would reasonably assure the appearance of the Defendant and the safety of any other person in the community pursuant to Title 18, United States Code, Section 3142(f). (*See* DE 23). The Magistrate Judge denied the Government's motion for detention and set bond at $120,000 co-signed by the Defendant's brother-in-law. (*Id*. at 1). The Magistrate Judge also ordered home incarceration as well as GPS monitoring (*Id*.).

The Government moved to stay the Magistrate Judge's order so that the Government may appeal the Magistrate Judge's order setting conditions of release. The Magistrate Judge orally granted a stay so that the Government may file an appeal. The Government asks this Court to revoke the Magistrate's order, as there are no conditions or combination of conditions, which will assure the Defendant's appearance or the safety of the community.

## II.     Factual Background

On August 22, 2023, a confidential source ("CS") negotiated the purchase of 20 kilograms of cocaine and two kilograms of heroin from the Defendant. The CS requested a sample from the Defendant, and they agreed to meet at the Ostioneria Michoacan's restaurant in Houston, Texas. Later that afternoon, the CS met with the Defendant, who delivered a sample of heroin, weighing approximately seven grams to the CS. The sample of heroin was intended to show the quality of the heroin to the CS.

Surveillance units then observed the Defendant depart the area and drive to a residence located in Dickinson, Texas. Surveillance units observed a co-Defendant, Jamarcus Diamond ("Diamond"), exit the residence and enter the Defendant's vehicle. The Defendant and Diamond traveled together to a residence located in Texas City, Texas. Diamond was observed entering the residence while the Defendant remained in the vehicle. Approximately five minutes later, agents observed Diamond depart the residence with a black bag and enter the Defendant's vehicle. The

Defendants departed the residence in the vehicle and proceeded northbound on IH-45 towards Houston.

A marked Houston Police Department unit conducted a traffic stop of the Defendant's vehicle. Officers obtained consent to search the vehicle and discovered the aforementioned black bag, which contained a bundle of a powdery substance suspected to be cocaine.

Post-Miranda, both the Defendant and Diamond admitted to possessing the cocaine and acquiring the cocaine from a residence in Texas City, Texas. The Defendant also admitted to having heroin at his residence and provided agents with consent to search his residence. A search of the Defendant's residence resulted in the recovery of approximately 891 grams of suspected heroin. The Defendant's partner and two-year old also reside at the same residence.

The suspected cocaine seized from the Defendant and Diamond was submitted to the Houston Forensic Science Center for analysis and the lab confirmed the presence of cocaine and the total approximate weight of the cocaine was 1 kilogram.

The suspected heroin seized from the Defendant's residence was submitted to the Houston Forensic Science Center for analysis and the lab confirmed the presence of opium not heroin and the total approximate weight of the opium was 668 grams. Opium is a Schedule II controlled substance.

### III.    Legal Standard

The district court's review of a Magistrate's conditions of release is de novo. *United States v. Thibodeaux*, 663 F.2d 520 (5th Cir. 1981). For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). In determining whether detention is required the Government must prove that assurance of presence at trial by a preponderance of the evidence, and the government must prove danger to

the community by clear and convincing evidence. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); 18 U.S.C. § 3142(f). In the instant case the Defendant is both a flight risk and poses a danger to the community.

Under Section 3142(e), the existence of probable cause to believe that the Defendant committed "an offense for which a maximum term of imprisonment of ten years or more" in violation of the Controlled Substances Act creates a rebuttable presumption that no conditions of release would "reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). The rebuttable presumption of Section 3142(e) shifts only the burden of producing rebutting evidence to the defendant, not the burden of persuasion. *Rueben*, 974 F.2d at 586. If there is evidence tending to rebut the presumption it does not shift the burden of persuasion to the defendant. However, "[p]resumption is not a mere 'bursting bubble' that totally disappears from the judge's consideration after the defendant comes forward with some evidence." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). The presumption remains a factor to be considered by the court with respect to the reasonable assurance of appearance of a defendant charged with a listed serious drug offense. *Fortna*, 769 F.2d at 250.

The Fifth Circuit had held that Congress intended that the presumption "remain [ ] in the case [as] a factor to be considered by the judicial officer." *Id*. at 251. Thus, the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society. *Hare*, 873 F.3d at 798-99.

**IV.    The Defendant is a flight risk and danger to the community.**

Considering the factors as set in Title 18, United States Code, §3142(g) the Court should revoke the magistrates order setting release conditions because the Defendant is a risk of flight

and a danger to the community.

### A. The Government has shown by a preponderance of the evidence that the Defendant is a flight risk.

The Government has shown by a preponderance of the evidence that the Defendant is a flight risk because of the Defendant's substantial ties to Mexico, because of the severity of the potential sentence the Defendant may receive, and because of the "extremely strong" evidence against the Defendant.

The determination of whether a defendant poses a serious flight risk is made based on the preponderance of the evidence. *See Fortna*, 769 F.2d at 250. In determining whether a defendant is a serious flight risk and whether there are conditions of release that will reasonably assure the defendant appears at trial, the court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; and (3) the defendant's personal history and characteristics, including his length of residence in the community. 18 U.S.C. § 3142(g); *Rueben*, 974 F.2d at 586.

As set forth in more detail below, the evidence in this case established that the Defendant is a flight risk and a danger to the community,

### i. The nature and circumstances of the offense charged weigh in favor of detention.

This case involves narcotic trafficking activities that involve a substantial amount of narcotics as the Defendant was negotiating the sale of 20 kilograms of cocaine and two kilograms of heroin. The Defendant was apprehended while in possession of one kilogram of cocaine and had nearly 900 grams of opium stored at the Defendant's residence. The punishment ranges for the offenses being charged are at least five years' imprisonment up to 40 year's imprisonment and/or a fine of not more than $5,000,000, at least four years supervised release and a $100 special

assessment. Thus, the Defendant is subject to a potential lengthy sentence if convicted. Based on the potential lengthy sentence the Defendant remains a flight risk if released on bond.

Because of the severity of the Defendant's potential sentence, the evidence weighs heavily in favor of detention. See *United States v. Almasri*, Criminal Action No. H-07-155, 2007 WL 2964780, at *1 (S.D. Tex. Oct. 10, 2007) (Rosenthal, J.) (finding severity of potential ten-year sentences weighed in favor of detention).

### ii. The weight of the evidence against the Defendant weighs in favor of detention.

The weight of the evidence against the Defendant is substantial. The Defendant was in direct contact with a confidential source and negotiating the sale of 20 kilograms of cocaine and two kilograms of heroin. The Defendant then delivered a test sample of heroin to the confidential source while agents surveilled the transaction. Furthermore, officers discovered approximately one kilogram of cocaine within the Defendant's vehicle and nearly 900 grams of opium at the Defendant's residence. Finally, the Defendant provided post-Miranda statements wherein he admitted to the possession of the narcotics.

Because the weight of the evidence is "extremely strong," the Government has shown that this factor weighs heavily in favor of detention.

### iii. The history and circumstances of the Defendant weigh in favor of detention.

In considering this factor, a court looks to available information regarding "family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

The evidence shows that the Defendant is currently in the United States illegally and has

7

substantial ties to Mexico since his parents and several siblings currently reside in Mexico. Additionally, the Defendant's partner also has no status in the United States. Although the Defendant has resided in the United States for over 10 years, he does not own any property other than a mobile home (that is on property he leases) and a Chevy truck. These circumstances certainly make it that more appealing for the Defendant to flee to his home country with his family rather than face a lengthy term of imprisonment, which surely is to be followed by deportation to Mexico.

Fifth Circuit case law makes it clear that there must be evidence of longstanding ties to the locality in which the defendant faces trial. *U.S. v. Rueben,* 974 F.2d 580 at 586. The ties to the locality, including family ties, must be the "sort of family ties from which we can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence." *United States v. Almasri,* 2007 WL 2964780, at *2 (citing *U.S. v. Rueben,* 974 F.2d 580 at 586). The family ties must be the type of relationship that exert a level of control that would prevent the defendant from fleeing. *See United States v. Trosper,* 809 F.2d 1107, 1110 (5th Cir.1987).

Because of the "[D]efendant['s] strong family [ ] ties to [a] countr[y] outside the United States; the lack of property in Houston; [the ability to flee to Mexico]; and the severe sentence the defendant[ ] may face if convicted, support the finding that no combination of conditions can be imposed that will reasonably assure the [D]efendant['s] appearance at trial. *United States v. Almasri,* 2007 WL 2964780, at *2; *See also U .S. v. Cisneros,* 328 F.3d 610, 618 (10th Cir. 2003) (finding that the defendant "is a flight risk because of her present knowledge of the seriousness of the charges against her and the resources available to her to abscond to Mexico [where she had close family ties] should she choose to do so").

8

Accordingly, this factor still weighs in favor of detention.

**B.     The Government has shown by clear and convincing evidence that the Defendant is a danger to the community.**

The Government has shown by clear and convincing evidence that the Defendant is a danger to the community because of the nature and conduct of the offense, which included the attempted distribution of a significant amount of narcotics. The risk of continued narcotics trafficking on bail does constitute a risk to the community. *See Rueben,* 974 F.2d at 586. Furthermore, the Defendant stored close to 900 grams of opium at his residence where his partner and two-year old son resided. Lastly, the Defendant was in possession of a firearm despite having no legal right to do so since the Defendant has not legal status in the United States.

**V.     Conclusion**

The Defendant is a flight risk and a danger to the community, consequently, the Magistrate's order granting bond should be revoked and the Defendant detained pending trial.

WHEREFORE, PREMISES CONSIDERED, the Government prays that the Court grant an immediate STAY of the Magistrate Judge's order of release, and further, after review, revoke the Magistrates Judge's order setting conditions for release and detain the defendant pending trial.

Respectfully submitted,

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

By:     s/ *Leo J. Leo III*
LEO J. LEO, III
Assistant United States Attorney
Texas Bar No. 24013027
SDTX Bar No. 587705
1000 Louisiana St., Suite 2300
Houston, TX 77002
(713) 567-9000

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Government's Motion to Revoke the Magistrate Judge's Setting Conditions of Release was on this the 5th day of February 2025, filed by ECF and served on: Tom Berg, attorney for the defendant via fax and/or email.

                                          *s/ Leo J. Leo III*
                                          Leo J. Leo III
                                          Assistant United States Attorney